IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL BROCKINGTON,

    Petitioner,

v.                                                CASE NO. 1:14-cv-13-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 1980 Alachua County adjudication of guilt for one count of kidnapping. (Doc. 1.) Petitioner is proceeding pursuant to an Amended Petition. (Doc. 7.)  Ppending before the Court is Respondent's motion to dismiss the Petition as time-barred.  (Doc. 16.)  Petitioner has filed a Response.  (Doc. 19.)  Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

### Facts and Procedural History

Petitioner's state court procedural history is as follows: Petitioner pled guilty to one count of kidnapping on November 10, 1980.  (Doc. 17-1 at 102.)  He was sentenced on December 1, 1980 to life imprisonment.  (Doc. 17-1 at 105-106.)

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 1:14-cv-00013-MP-GRJ*

Pursuant to his guilty plea, Petitioner did not appeal his sentence. (Doc. 17-1 at 105.) On September 9, 2004, Petitioner filed a motion for postconviction relief, which was subsequently denied on February 14, 2005, according to the circuit court docket. (Doc. 17-1 at 4; Doc. 17-1 at 12-13.)

On October 12, 2012, Petitioner filed a petition for belated appeal, which the First District Court subsequently dismissed on December 6, 2012 for failing to follow court orders. (Doc. 17-1 at 9-10; Doc. 17-1 at 30.)

On October 5, 2012, Petitioner, citing Florida Rule of Criminal procedure 3.853, filed a petition for writ of certiorari in the Florida Supreme Court. (Doc. 17-1 at 32-40.) Petitioner's petition was docketed on October 15, 2012. (Doc. 17-1 at 42.) The Court treated this filing as a petition for writ of habeas corpus and dismissed it on March 13, 2013. (Doc. 17-1 at 42.)

Petitioner filed a petition for writ of certiorari in the United States Supreme Court, citing Florida Rule of Criminal Procedure 3.853, which the Court denied on June 3, 2013. (Doc. 17-1 at 83.)

On June 20, 2013, Petitioner filed a motion for postconviction relief. (Doc. 17-1 at 85-91.) On July 3, 2013, the trial court entered an order denying the motion as untimely after treating it as a motion pursuant to Fla. R. Crim. P. 3.850. (Doc. 17-1 at 94-95.)

On August 2, 2013, Petitioner filed an amended appeal of the trial court's denial of his motion for postconviction relief. (Doc. 17-1 at 113-119.) On November 12, 2013, the First District Court of Appeal affirmed. (Doc. 17-1 at 137.) On November 21, 2013,

the First District denied Petitioner's motion for rehearing. (Doc. 17-1 at 143; Doc. 17-1 at 139-141.) On January 6, 2014, the First District Court issued the mandate. (Doc. 17-1 at 145.)

On January 9, 2014, Petitioner filed his federal habeas petition, and after this Court issued an order directing Petitioner to re-file an amended petition on the court form, Petitioner filed his amended petition on February 11, 2014. (Docs. 1, 6, and 7.)

## The Petition Is Time-Barred

In accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Section 2244 of Title 28, United States Code, provides a one-year time limitation period for a prisoner that wants to file a petition for writ of habeas corpus. This one-year period runs, inter alia, from the date that the conviction becomes final on direct review. 28 U.S.C. § 2244 (d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

For petitioners whose convictions became final prior to the effective date of the AEDPA, the one-year limitations period runs from the AEDPA's effective date of April 24, 1996 to April 23, 1997. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209 (11th Cir.1998). Accordingly, a petitioner must file a petition for writ of habeas corpus by April 23, 1997, unless a properly filed state postconviction motion was pending before April 23, 1997. *Hurley v. Moore*, 233 F.3d 1295, 1296 (11th Cir.2000).

Petitioner's conviction became final on December 31, 1980, when the thirty day

time limit for filing an appeal from his judgment and sentence expired.  See Fla. R. App. P. Rule 9.140(b)(3).  Thus, Petitioner needed to file his petition for writ of habeas corpus by April 23, 1997, unless he properly filed a state postconviction motion before that time.  Petitioner did not file a state postconviction motion until September 9, 2004, which was ultimately denied as untimely and for failing to allege any new law or newly discovered evidence .  (Doc. 17-1 at 4; Doc. 17-1 at 12-13.)   When Petitioner filed his September 9, 2004 postconviction motion the one year time period for filing a federal petition for writ of habeas corpus had long since passed.

Accordingly, because Petitioner did not file the instant habeas petition until years after the limitations period already had expired, his petition is due to be dismissed as time-barred.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

Petitioner attempts to assert an actual innocence claim in his response in opposition to the motion to dismiss.  (Doc. 19.)  Petitioner argues that DNA evidence would have shown that he did not sexually assault the victims, and that the photo lineup used to identify him was flawed.  (Doc. 19 at 2-8.)  Petitioner's assertions are insufficient to invoke the actual innocence exception.  An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting Schlup v. Delo, 513 U.S.

298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The standard articulated above has also been applied in cases where a Petitioner entered a guilty plea. *Justo v. Culliver*, 317 Fed.Appx. 878, 880 (11th Cir. 2008).

In the instant case, Petitioner asserts that (1) a number of parties failed to compare his DNA to the male semen taken from the victims and thus there was not sufficient evidence that he was the perpetrator of the sexual assault, (2) that the photo lineup utilized by Alachua County Sheriff's Department detectives was unduly suggestive and improper, and (3) that the lack of a recorded or taped questioning and confession deemed the adjudication flawed.  (Doc. 19 at 1-8.)

With regard to Petitioner's assertion that he was not the perpetrator of the sexual assault Petitioner pled guilty to one count of kidnapping, not sexual assault.  (Doc. 17-1 at 102.)  Accordingly, whether or nor there is DNA evidence concerning a sexual assault has nothing to do with whether it is more likely than not that a jury would find Petitioner innocent of kdnapping, considering that kidnapping does not require nor necessarily involve the transmission of bodily fluids.

With regard to Petitioner's argument concerning the photo lineup, Petitioner has not presented any new evidence.  The photo lineup was known at the time Petitioner entered a guilty plea and, thus, the challenge to the photo lineup does not demonstrate the existence of new evidence sufficient to support a claim of actual innocense.

Lastly, with regard to Petitioner's argument that the lack of a recorded confession renders the conviction flawed, Petitioner simply asserts arguments that he could have made on direct appeal but failed to do so. The argument does not present any new evidence, upon which a claim of actual innocense could be based. Thus, Petitioner has failed to make a showing that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See Schlup*, 513 U.S. at 324.

Accordingly, for these reasons, Petitioner's claim of entitlement to an actual innocence gateway to avoid the one-year federal limitations bar is without merit.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument

to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The Motion to Dismiss Petition for Writ of Habeas Corpus, Doc. 16, should be **GRANTED** and the amended petition for writ of habeas corpus, Doc. 7, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 30th day of March 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.